IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 02 2004

CLERK

KEITH LAWRENCE BENDER,

Plaintiff,

v.

No. CIV-04-0502 JB/LCS

CORNELL CORRECTIONS/DIRECTOR,
MEDICAL STAFF, NURSES, PHYSICIANS UNKNOWN,
WARDEN IN CAPACITY WILFRED ROMERO,
And as of yet 6 UNKNOWN CORRECTIONAL OFFICERS,

Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e(a), and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights Complaint. The Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the Court will dismiss a number of the Plaintiff's claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing the Plaintiff's pro se Complaint, the Court applies the same legal

standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that, in February 2000, while the Plaintiff was in federal custody and working at his prison job in New Mexico, he fell and injured himself. He did not receive medical attention for several days, and then he only received aspirin. After numerous requests for additional medical treatment, x-rays were taken on May 12, 2000. He received no further treatment, and Defendant Cornell Corrections gave him his x-rays in August 2001. As a separate claim, the Plaintiff alleges that unidentified staff members retaliated against him for filing grievances and destroyed records that he had been keeping. Last, during the Plaintiff's transfer to a different facility, a correctional officer purposely lost the Plaintiff's personal property. The Plaintiff also asserts a claim for negligent hiring, training, supervision, and retention. He seeks damages.

The Plaintiff did not file his claims for denial of medical treatment within the applicable limitation period. The period of limitation for civil rights claims is the personal injury statute in the state where the violation occurs, *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985),[1] and the limitation on personal injury actions in New Mexico is three years, N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). The Plaintiff first complained about his medical treatment in 2000, but he did not file the Complaint in this case until May 7, 2004. The alleged injury occurred more than three years before the Plaintiff filed his Complaint. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (holding § 1983 claim accrues when a plaintiff knows

---

[1] The limitation period is the same even though the Plaintiff's claims arose during federal custody and thus, apparently, support an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "[A] *Bivens* action, like an action brought pursuant to 42 U.S.C. § 1983, is subject to the statute of limitations of the general personal injury statute in the state where the action arose." *Industrial Constructors Corp. v United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).

or has reason to know of injury). The Plaintiff did not timely file his claims, and the Court will dismiss them.

In Counts V and VI of the Complaint, the Plaintiff asserts claims for retaliation and due process violations, and in Count VII, he asserts a claim for negligent hiring, training, supervision, and retention. He states that the Defendants' actions occurred after November 1999. If the events giving rise to these allegations occurred before May 2001, the statute of limitations bars the claims in Counts V, VI, and VII. Furthermore, the Plaintiff does not describe the steps he took to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a). The Plaintiff must cure these defects. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003) (ruling that a prisoner must plead exhaustion and describe proceedings). Failure to cure may result in the Court dismissing these claims.

**IT IS THEREFORE ORDERED** that the Plaintiff's second motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. #7) is DENIED as moot;

**IT IS FURTHER ORDERED** that the Plaintiff's claims in Counts I-IV are DISMISSED with prejudice;

**IT IS FURTHER ORDERED** that, within twenty (20) days from entry of this order, the Plaintiff shall file a response or an amended Complaint (a) identifying the dates of the violations he alleges in Counts V, VI, and VII of the Complaint and (b) describing in detail the steps he took to exhaust administrative remedies available on these claims; and the Clerk is directed to send the Plaintiff a form § 1983 complaint.

_____
UNITED STATES DISTRICT JUDGE

3